# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| CITY OF KANSAS CITY, MISSOURI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-CV-00430-BCW |
| | ) | |
| LYFT, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court is Plaintiff the City of Kansas City, Missouri's motion for entry of a temporary restraining order ("TRO"). On July 2, 2014, the Court heard argument from both parties through counsel. The Court, being duly advised of the premises, having considered the parties' arguments and applicable law, and for good cause shown, denies the City's motion for a TRO against Defendant Lyft, Inc. ("Lyft").

The City of Kansas City ("the City") regulates vehicle-for-hire drivers and companies within the City's boundaries. Lyft provides a conduit through which mobile app users can request a ride from Lyft drivers. The City seeks a TRO on the basis that Lyft's operations violate the City's ordinances related to taxicab and livery services, thus usurping the City's power to regulate the transportation industry and thereby putting the general public at risk. (Doc. #1-3).

A TRO granted under Fed. R. Civ. P. 65 is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997); Planned Parenthood, Minn., N.D., S.D. v. Rounds, 530 F.3d 724, 736 (8th Cir. 2008).

To prevail on a motion for TRO, the moving party must show that four factors weigh in favor of granting injunctive relief. Dataphase Sys. Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981). First, the party must show that they are likely to succeed on the merits of their case. Id. Second, the party must show that the balance weighs in its favor between the threat to each party's rights from the grant or denial of the TRO. Id. Third, the party must show the impact on the public interest. Id. Lastly, the party must show irreparable harm. Id. No factor is dispositive standing alone and the Court must consider all factors together. Calvin Klein Cosmetics Corp. v. Lenox Lab., 815 F.2d 500, 503 (8th Cir. 1987).

The Court finds, based on the evidence currently before it, that the City has established the first factor relating to the likelihood of success on the merits. Dataphase Sys. Inc., 640 F.2d at 113 (finding that movant need not show a greater than fifty percent likelihood of success on the merits of his case for this factor to weigh in his favor). The Court further finds that the City's interests in public safety and the exercise of regulatory and police powers outweigh Lyft's asserted interests, thus establishing the second and third factors in favor of the City.

However, notwithstanding the City's showings on these three factors, the City has failed to carry its burden of persuasion on the fourth factor, to show irreparable harm absent the TRO. Pottgen v. Mo. State. High School Activities Ass'n, 40 F.3d 926, 928 (8th Cir. 1994). The Court may not find irreparable harm "where alternatives already available to the plaintiff make an injunction unnecessary." Heather K. v. City of Mallard, 887 F. Supp. 1249, 1259 (N.D. Iowa 1995) (citing Aswegan v. Henry, 981 F.2d 313, 314 (8th Cir. 1992)). Where an adequate remedy exists at law, injunctive relief is improper. Frank B. Hall & Co. v. Alexander & Alexander, Inc., 974 F.2d 1020, 1025 (8th Cir. 1992).

The City has not provided any evidence establishing its asserted irreparable harm. The City concedes that the municipal citations issued to drivers have not been processed through the municipal court system. In addition, Lyft concedes it is operating without a business license and there is no indication that the City has initiated any action on this basis. Consequently, based on the current record and having considered all relevant factors together, the Court must conclude that the City has not exhausted its available legal remedies and equitable relief is not warranted at this time. Accordingly, it is hereby

ORDERED the City's motion for entry of a temporary restraining order is DENIED.

IT IS SO ORDERED.

DATED: July 9, 2014

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT